HLD-009                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3130
_____

IN RE: MICHELLE E. DYER,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3:25-cv-14807)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 22, 2026
Before:  CHAGARES, *Chief Judge*, HARDIMAN and SCIRICA, *Circuit Judges*

(Opinion filed February 17, 2026)
_____

OPINION*
_____

PER CURIAM

        Michelle Dyer filed an emergency motion on behalf of her husband, Aaron Dyer, a

state prisoner, seeking, among other things, an order directing the United States District

Court for the District of New Jersey to immediately grant Aaron habeas relief.  We

construe her motion as a petition for a writ of mandamus and will deny it as construed.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On August 21, 2025, Michelle, purportedly acting as her husband's "next friend" and "attorney-in fact" pursuant to a power of attorney, filed in the District Court a habeas petition under 28 U.S.C. §§ 2241 and 2254 seeking his immediate release from New Jersey's South Woods State Prison, where he currently is serving a five-year sentence for sexual assault. The District Court screened the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that it lacked jurisdiction because Michelle did not meet the requirements to act as her husband's next friend. In dismissing the petition without prejudice, the District Court expressly invited Michelle to move to reopen the matter within 30 days if she could cure the deficiencies it had identified. Otherwise, Aaron would have to file his own petition.

Michelle timely filed a motion to reopen on October 21, 2025. She then filed the instant mandamus petition in this Court just a few days later. She has since filed motions to seal the petition and the exhibits filed with her application to proceed *in forma pauperis* because they contain the couple's sensitive medical information, confidential military records, and other personal financial data and details about their minor children; a motion to excuse service of the same materials upon respondents; and motions to expedite consideration of her request for emergency relief.

To the extent that Michelle seeks relief in Aaron's name, we cannot entertain the petition because she is not a lawyer and thus may not litigate on his behalf. *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) (explaining that "normally, representative

2

parties such as next friends may not conduct litigation *pro se*"); *cf. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966) (*per curiam*).

That said, we may still consider the petition, but only to the extent Michelle seeks to vindicate her own interests. Insofar as she challenges the District Court's delay in resolving her motion to reopen, she is not entitled to the "drastic remedy" of mandamus. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). District Courts have discretion over docket management. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). While a writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction," *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996), the short period of time about which Michelle complains hardly amounts to undue delay warranting our intervention.

Furthermore, to the extent that Michelle seeks to challenge by mandamus the District Court's refusal to grant her next-friend status, mandamus is not a substitute for appeal. *See In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2006) (citations omitted). And, in any event, given the District Court's expressed willingness to entertain a motion to reopen, she cannot show that she lacks other adequate means to obtain the relief she desires. *See Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 89 (3d Cir. 1992) (explaining that, to obtain mandamus relief, a petitioner must show, *inter alia*, that she has no other adequate means to obtain the relief desired).

3

Accordingly, we will deny the petition. The related motions seeking expedited

relief are denied as well.[1]

---

[1] We grant in part Michelle's motion to seal the mandamus petition and grant in full the motion to seal the IFP application exhibits. We also grant the motion to excuse service of the sealed materials. *See* 3d Cir. L.A.R. 106.1. We note that the first 13 pages of the initial filing—comprising the core petition, sealing motion, cover letter, delivery receipt, and index of court filings—do not contain sensitive information that warrants sealing. We direct Michelle to serve those portions of the petition upon respondents. Conversely, the 50 pages of exhibits attached to the petition and the IFP application and exhibits attached thereto are unquestionably sensitive in nature. Those documents shall remain under seal for 25 years and need not be served.